UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRYAN E. WITT,

        Plaintiff,

        v.

CITY OF LAKE OSWEGO,

        Defendant.
_____

Civil No. 07-0586-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

Plaintiff alleges that his former employer, the City of Lake Oswego, unlawfully terminated him in violation of 42 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act (ADA). Defendant filed a Motion for Summary Judgment [15]. For the following reasons, defendant's Motion is granted.

**FACTUAL BACKGROUND**

PAGE 1 - OPINION AND ORDER

The following facts are undisputed unless otherwise noted and are stated in the light most favorable to plaintiff.

Plaintiff is a former police officer in the City of Lake Oswego Police Department (LOPD). Plaintiff was employed by defendant from March 16, 2001, to February 2, 2006.

In 2002, plaintiff was accused of smoking marijuana while off duty at a party. Forman Aff. at ¶ 7. Although an investigation concluded that the allegation of plaintiff's drug use was unfounded, others at the party were allegedly using illegal substances. Donald Forman, a captain in the LOPD, "counseled plaintiff that he should be wary of his associations since it could impact his career." *Id.*

In September 2004, plaintiff received an annual Performance Appraisal. Forman Aff., Ex. A. Plaintiff was given a "Does not meet expectations" rating in the area of "Judgment." *Id.* at 2. The evaluation indicated that plaintiff had witnessed possible violations of LOPD policies and procedures. According to plaintiff's superiors, plaintiff "was not forthcoming and wasn't completely honest" when interviewed about these possible violations. *Id.*

In August or September 2005, defendant received information that plaintiff had attempted to purchase cocaine, a controlled substance, after a late night visit to a strip club in the Portland area. Defendant assigned Captain Daniel Spiering and Sergeant Doug Treat to investigate the allegations; Captain Forman was to oversee their work and make a recommendation once the investigation was complete.

Captain Spiering and Sergeant Treat prepared an Investigative Summary that was dated December 22, 2005. Forman Aff., Ex. B. While investigating the initial report that plaintiff had attempted to purchase cocaine, interviews with witnesses raised new and additional allegations

PAGE 2 - OPINION AND ORDER

of illegal and/or improper conduct by plaintiff.  The Investigative Summary covered eighteen allegations of improper conduct, and concluded that there was evidence supporting twelve of the eighteen allegations.

Three allegations are relevant to plaintiff's claim: "Attempting to purchase illegal narcotics (Allegation A);" "Possessing, using, and being in the presence of illegal narcotics (Allegation B)"; and "Failure to disclose prior illegal drug use in the application and background investigation leading to the City's decision to hire [plaintiff] as a police officer (Allegation P)." *Id.* at 1-2.

The first allegation – attempting to purchase illegal narcotics – involves a single evening's events.  Matt Lankins, a former acquaintance of plaintiff, described a telephone call that plaintiff allegedly made while driving with Lankins.  Lankins told investigators that he overheard plaintiff asking someone on the other end of the telephone about where he could buy some "coke."  The court notes that plaintiff vigorously contests Lankins' version of events.  Plaintiff asserts that he has neither done cocaine nor tried to purchase it, and that it is "clear that he was not serious [about buying cocaine] and was having fun at Lankins [sic] expense."  Pl's Opp'n to Def.'s Mot. for Summ. J. (Pl.'s Opp'n) at 4.

The second allegation – possessing, using, and being in the presence of illegal narcotics – primarily involves plaintiff's presence at parties where people were allegedly using marijuana.  Several witnesses told investigators that plaintiff attended parties where marijuana was being smoked, though none indicated that plaintiff was smoking.  The Investigative Summary indicated that plaintiff categorically denied ever using marijuana and downplayed being around it.

PAGE 3 - OPINION AND ORDER

The tenth allegation – failing to disclose prior drug use – also relied on the testimony of several witnesses. One witness "stated that he and [plaintiff] smoked marijuana together in High School on two occasions." Forman Aff., Ex. B at 6. Plaintiff allegedly told another witness "that he used to smoke a lot of marijuana in the past" and "6-7 years ago that he used to be a big pot head." *Id.* at 18. Plaintiff allegedly told a third witness that he "used to smoke marijuana all the time before he was a police officer." *Id.* In addition to the testimony of interviewees, the Investigative Summary referenced the employment application that plaintiff signed prior to joining the LOPD. Plaintiff indicated in his employment application that he had never used illegal drugs including marijuana.

Plaintiff was terminated on February 2, 2006. Plaintiff was given a termination letter, signed by Captain Forman, which indicated the reasons for his termination. Solomon Decl., Ex. 1. Specifically, plaintiff was terminated for the twelve allegations of misconduct that the Investigative Summary found to be supported by evidence. The twelve reasons given for terminating plaintiff included allegations that plaintiff: attempted to purchase illegal narcotics; possessed, used, and was in the presence of illegal narcotics; and failed to disclose prior illegal drug use in his employment application.

**STANDARDS**

    **1.**     **Summary Judgment**

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of

PAGE 4 - OPINION AND ORDER

any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party has limits. The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position would be insufficient." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 252 (1986). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

However, the Ninth Circuit has reasoned that courts should require very little evidence to survive summary judgment in an employment discrimination case, because the ultimate question is one that is most appropriately conducted by the fact-finder, upon a full record. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996).

### 2. Disability Discrimination

"The ADA provides that '[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability . . . .'" *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001) (quoting 42 U.S.C. § 12112(a)) (footnote omitted). An individual is disabled if that individual (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000); *see also* 42 U.S.C. § 12102(2);.

"[T]he ADA requires those 'claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial.'" *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198 (2002) (quoting *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 565 (1999)) (alterations in original). A major life activity is a function "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). To be substantially limited in any of these activities, a person must be unable to perform the major life activity or be "significantly restricted as to condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j). To qualify as a disability, an "impairment's impact must also be permanent or long term." *Williams*, 534 U.S. at 198.

## **DISCUSSION**

Plaintiff alleges that he was terminated because defendant believed he was a drug addict.

PAGE 6 - OPINION AND ORDER

Although plaintiff denies engaging in illegal drug use, plaintiff asserts that he was "regarded as" having such an impairment" by defendant.  29 C.F.R. § 1630.2(g).

To establish a "regarded as" claim, a plaintiff must introduce evidence that their employer mistakenly believed they were substantially limited in a major life activity.  *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999) ("[I]t is necessary that a covered entity entertain misperceptions about the individual – it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting."); *Deppe*, 217 F.3d at 1265 ("In 'regarded as' cases, the employer must perceive the individual as having an actual disability under the ADA."); *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir.1997) ("As with real impairments, . . . a perceived impairment must be substantially limiting and significant" (quoting *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 913 (11th Cir.1996))).

To prove that defendant mistakenly believed he was disabled, plaintiff points to the termination letter and the deposition testimony of Captain Forman.  Captain Forman testified that his opinion was that plaintiff had: "us[ed] narcotics," "possessed narcotics," "been in the presence of illegal narcotics," "engaged in drug use" prior to becoming a police officer, and "had a history of involvement with drugs."  Forman Dep. 12:18-13:1, 13:22-25, 14:14-17.  Relying on this testimony, plaintiff asserts that Captain Forman "testified directly that he perceived [plaintiff] as a drug user."  Pl.'s Opp'n at 6.  Since Captain Forman was responsible for the decision to terminate plaintiff, plaintiff argues the decision maker unlawfully terminated plaintiff for his perceived disability.

"[I]n order to state a 'regarded as' claim a plaintiff must establish that the employer believes that the plaintiff has some impairment, and provide evidence that the employer

PAGE 7 - OPINION AND ORDER

subjectively believes that the plaintiff is substantially limited in a major life activity." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir. 2007). For instance, the plaintiff in *Deppe v. United Airlines* had been assigned "permanent and stationary medical limitations" by several doctors and introduced evidence that "those responsible for the termination regarded [plaintiff] as significantly restricted in his ability to perform a broad range of jobs in various classes . . . ." 217 F.3d at 1266. *See also Thompson v. Davis*, 295 F.3d 890, 896 (9th Cir. 2002) (motion to dismiss inappropriate when the plaintiffs "allege[d] that their past drug addiction substantially limited certain major life activities, including their ability to learn and work."); *cf. Walz v. Marquis Corp.*, 2005 WL 758253 at *10 (D. Or. Apr. 4, 2005) (granting summary judgment because plaintiff failed to produce any evidence that employer "mistakenly believed that his diabetes substantially limited [him] in a major life activity.").

Although plaintiff has introduced evidence that defendant was terminated for misconduct involving illegal drugs, plaintiff has not introduced any evidence that Captain Forman or any other LOPD employee believed that plaintiff's drug use substantially limited him in a major life activity. Captain Forman, Captain Spiering, and Sergeant Treat have all testified that they did not form the opinion that plaintiff was an alcoholic or drug addict. Forman Decl. ¶ 18, Spiering Decl. ¶ 13, Treat Decl. ¶ 14.

More importantly, there is no evidence in the record from which an investigator *could* form the opinion that plaintiff was addicted to illegal substances. Accepting every allegation and witness statement in the Investigative Summary as true, plaintiff was guilty of the following: attempting to purchase cocaine on a single occasion, being around marijuana at parties, and smoking marijuana regularly while in high school. There is no way that Captain Forman, relying upon these allegations, could have concluded that plaintiff was incapable of performing a major

PAGE 8 - OPINION AND ORDER

life activity "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). This court concludes that defendant could not have regarded plaintiff as disabled, because there is no evidence that could possibly support the misperception that plaintiff was a drug addict. Since plaintiff has not established an element of his claim, summary judgment is warranted.

Even if the court were to conclude that defendant regarded plaintiff as having a disability, plaintiff's claim still fails. The record clearly indicates that defendant terminated plaintiff because of his misconduct, not because of any perceived disability. Although individuals with substance abuse problems are protected by the ADA, courts have held that an employer need not allow an employee with a disability to engage in misconduct. *See Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003) (rejecting the argument that "because [the employee's] workplace misconduct is related to his disability, [the employer's] refusal to rehire [him] on account of that workplace misconduct violated the ADA."); *Collings v. Longview Fibre Co.,* 63 F.3d 828, 832 (9th Cir. 1995) (distinguishing between "termination of employment because of misconduct and termination because of a disability").

Alcoholics and drug addicts are not exempt from reasonable rules of conduct, such as prohibitions against possession or use of alcohol or drugs in the workplace. As a police officer, plaintiff was reasonably expected to refrain from both the personal use of narcotics and from being in social situations where narcotics were being used by others. In addition, plaintiff was reasonably expected to truthfully disclose prior drug use in his employment application. Because plaintiff was fired for his alleged misconduct and not because of any perceived disability, defendant's decision to terminate plaintiff does not violate the ADA.

## CONCLUSION

PAGE 9 - OPINION AND ORDER

For the foregoing reasons, defendant's Motion for Summary Judgment [15] is GRANTED. Plaintiff's case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this   12   day of November, 2008.

                                                                /s/ Ancer L. Haggerty
                                                                Ancer L. Haggerty
                                                        United States District Judge